**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **M. DOE**, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>**UNITED STATES DEPARTMENT OF STATE**, *et al.*,<br><br>            Defendants. | Case No. 1:26-cv-01270 (TNM) |

**<u>MEMORANDUM ORDER</u>**

This lawsuit targets the State Department's pause on immigrant visas for nationals of 75 countries. Am. Compl., ECF No. 14, ¶ 1. More than 80 Plaintiffs, including U.S. citizens or permanent residents and their noncitizen spouses or relatives, *id.* ¶ 5, challenge Secretary of State Marco Rubio's cable instructing consular officers to "'refuse under [8 U.S.C. § 1201(g)] . . . all immigrant visa applicants who have not been refused under another ground of inadmissibility' if the applicant is from one of 75 designated countries, on the basis that such applicants are likely to become public charges and are therefore inadmissible under 8 U.S.C. § 1182(a)(4)," *id.* ¶ 4 (quoting Pausing Immigrant Visa Issuances for Nationalities at High Risk of Public Charge, 26 STATE 3740 (Jan. 14, 2026)). Plaintiffs move for a preliminary injunction, Mot. for Prelim. Inj., ECF No. 17, at 2, and the Court held a hearing on that motion earlier this week, Min. Entry 7/21/2026.

Having considered the Amended Complaint, the parties' briefing, the entire record, and the parties' arguments at the motion hearing, the Court holds that Plaintiffs have not plausibly alleged standing. The Court thus dismisses the Amended Complaint without prejudice and

1

grants Plaintiffs leave to file a Second Amended Complaint within 30 days of this Order.  In light of the Amended Complaint's dismissal, the Court also denies as moot Plaintiffs' Motion for a Preliminary Injunction and directs the parties to file a proposed scheduling order within two weeks of when Plaintiffs file their Second Amended Complaint.

## I.

"[A] showing of standing 'is an essential and unchanging' predicate to any exercise of [the Court's] jurisdiction." *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  If the Court concludes that it lacks jurisdiction, it must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  Jurisdictional questions like standing are always before the Court, which must consider them sua sponte even if not raised by the parties.  *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

"The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing [standing]." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  "[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.  Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim of standing that is plausible on its face." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (cleaned up).

"To establish standing, . . . a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024).  A future injury confers standing only "if the threatened injury is certainly impending or there is a substantial risk that the harm

will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (cleaned up). And "[s]tanding is not dispensed in gross." *Davis v. FEC*, 554 U.S. 724, 734 (2008) (cleaned up). "Rather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (cleaned up).

**II.**

On the current record, Plaintiffs fall far short of establishing standing to challenge the visa pause. For all but three Plaintiffs, the Amended Complaint offers no detail on their visa applications. *See* Am. Compl. ¶¶ 19–88, 90, 92–100, 102. Take an example: All the Amended Complaint says about Plaintiff Afaf Hamidi Boudjelthia is that he is "a citizen of Algeria residing outside the United States and the principal applicant in a family-based immigrant visa petition." *Id.* ¶ 21. The allegations are similarly barebones for most other Plaintiffs.

The Amended Complaint gives a smidge more detail for three Plaintiffs—Sofiia Nikolaeva, Sreychan Heng, and Yasmine Hassar—but even that information does not establish standing. For these outlier Plaintiffs, the Amended Complaint alleges merely that their visas were denied under 8 U.S.C. § 1201(g). *See id.* ¶¶ 89, 91, 101. But § 1201(g) is a catchall provision authorizing consular officers to deny visa applications if they conclude that an "alien is ineligible to receive a visa . . . under section 1182 of this title, or any other provision of law." 8 U.S.C. § 1201(g). Plaintiffs' bare reference to § 1201(g) fails to plausibly allege that their visa applications were denied due to the visa pause instead of any other statutory reason for a visa refusal. *See* 8 U.S.C. § 1182 (listing those many reasons). Thus, there is good reason to believe that the visa pause did not and will not injure these Plaintiffs.

Not only are Plaintiffs' allegations about their current visa applications inadequate; they also fail to plausibly allege that any of Plaintiffs' future applications would falter due to the visa

pause.  *Cf. Pietersen v. Dep't of State*, 138 F.4th 552, 559 (D.C. Cir. 2025) (holding that U.S. citizen had standing to sue where his fiancée's visa applications had been denied multiple times and where plaintiff "claim[ed] that the State Department ha[d] and w[ould] continue to apply the Manual's guidance to [his fiancée's] visa applications").  Do Plaintiffs even intend to reapply? Their Amended Complaint does not say.

Nor do Plaintiffs make up for the Amended Complaint's deficiencies with their lengthy attachments to their preliminary injunction motion.  In most of the exhibits, Plaintiffs have redacted all personal information—including Plaintiffs' names—thus foiling the Court's efforts to link declarations or other documents with specific Plaintiffs.  *See* Ex. B Part 1 to Mot. for Prelim. Inj., ECF No. 17-3, at 1–80; Ex. B Part 2 to Mot. for Prelim. Inj., ECF No. 17-4, at 1–83; Ex. C to Mot. for Prelim. Inj., ECF No. 17-5, at 1–63.  Plaintiffs did not seek leave of the Court nor cite any legal authority for their redactions.  *Cf.* LCvR 5.4(f) (providing that only four categories of "personal identifiers shall be excluded, or redacted": (1) social security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers).  Indeed, Plaintiffs' decision to redact their declarations conflicts with the Court's repeated denial of their motions to proceed under pseudonym.  *See* Min. Order 4/16/2026; Mem. Op. and Order, ECF No. 10, at 9.  Plaintiffs' failure to obtain leave, paired with the severe "veracity issues" that plague declarations "presented under pseudonym," makes the Court "very wary of this evidence."  *Accord Coal. for Humane Immigrant Rts. v. DHS*, 780 F. Supp. 3d 79, 92 (D.D.C. 2025) (footnote omitted).

Nor do the declarations in Exhibit D, though unredacted, offer any more concrete allegations regarding any Plaintiff's visa application.  *See* Ex. D to Mot. for Prelim. Inj., ECF No. 17-6, at 1–125; *cf. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d

145, 154 (D.C. Cir. 1996) (emphasizing that "the district court is under no obligation to sift through the record . . . in order to evaluate the merits of [a] party's case"). And Plaintiffs fared no better at the motion hearing. Even for Plaintiffs Nikolaeva, Heng, and Hassar, counsel could not locate any declaration stating the specific reason for their visa refusal. *See* Mot. Hr'g Tr. at 26:9–18. Indeed, Plaintiffs' counsel recognized that the declarations "certainly could be much better connected to the actual clients in the case" and that Plaintiffs "could address that in a future pleading." *Id.* at 26:16–18. That acknowledgment, though belated, is encouraging. After all, "[j]udges are not like pigs, hunting for truffles buried in briefs" or the record. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam); *see also Jones as Next Friend of A.H. v. District of Columbia*, 805 F. Supp. 3d 218, 242 n.3 (D.D.C. 2025) ("It is not the Court's role, moreover, to sift through the entire record in the hope of finding a needle in the haystack."). Plaintiffs instead must dig up and present their allegations for standing in their pleadings and briefing.

Given Plaintiffs' failure to plausibly allege standing, the Court dismisses their current Amended Complaint without prejudice. *See N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020). But it does not dismiss the lawsuit. Instead, the Court grants Plaintiffs leave to file a Second Amended Complaint within 30 days of this Order. *Cf. Ciralsky v. CIA*, 355 F.3d 661, 666 (D.C. Cir. 2004) ("[C]ourts often regard the dismissal without prejudice of a *complaint* as not final, and thus not appealable under 28 U.S.C. § 1291, because the plaintiff is free to amend his pleading and continue the litigation." (cleaned up)). This is routine practice where plaintiffs might establish standing with a properly pleaded complaint. *See, e.g.*, *Beshir v. Holder*, 840 F. Supp. 2d 379, 380 (D.D.C. 2012) (granting leave to amend where "the court [wa]s not persuaded that the plaintiff ha[d] sufficiently alleged an injury in fact" but concluded

that plaintiff "may remedy this jurisdictional hurdle with a well-pleaded complaint"). So too here.

Plaintiffs are cautioned to fully include all relevant factual allegations and evidence in their third complaint. The Court previously raised concerns about their standing allegations at a prior hearing, yet Plaintiffs chose to proceed with this Amended Complaint anyway. They should not expect another bite at the apple. *Accord Gallo v. District of Columbia,* 659 F. Supp. 3d 21, 26 (D.D.C 2023); *see also Lawyers' Comm. for 9/11 Inquiry, Inc. v. Wray,* 424 F. Supp. 3d 26, 36 (D.D.C. 2020) (denying leave to re-amend complaint after repeated failures to show standing), *aff'd,* 848 F. App'x 428 (D.C. Cir 2021).

### III.

The Court gives Plaintiffs another chance to establish standing. Given the Government's representation at the motion hearing that it could compile the administrative record relatively promptly, *see* Mot. Hr'g Tr. at 15:13–19, as well as both parties' expressed willingness to proceed to expedited summary judgment briefing, *see id.* at 12:3–17, 14:13–15:12, the Court also directs the parties to submit a proposed roadmap for future briefing within two weeks after Plaintiffs file their Second Amended Complaint.

For all these reasons, it is hereby

**ORDERED** that Plaintiffs' [14] Amended Complaint is **DISMISSED** without prejudice; it is further

**ORDERED** that Plaintiffs are granted leave to file a Second Amended Complaint no later than August 24, 2026; it is further

**ORDERED** that Plaintiffs' [17] Motion for a Preliminary Injunction is **DENIED** as moot; and it is further

**ORDERED** that the parties shall file a proposed scheduling order no later than two

weeks after Plaintiffs file their Second Amended Complaint.

       **SO ORDERED.**

Dated: July 23, 2026

                                             TREVOR N. McFADDEN
                                             United States District Judge